D. Andrew Gaona (028414)
Austin C. Yost (034602)
Kelleen Mull (036517)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5486
agaona@cblawyers.com
ayost@cblawyers.com
kmull@cblawyers.com

*Attorneys for Plaintiff Aden Ramirez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Julieta Bencomo, Dr. George Brooks, Sandra Kennedy, Joe Eddie Lopez, Hilda Ortega-Rosales, Samuel Peter Ramirez, Fernando Ruiz, Pastor Warren Stewart and Winston Tease,<br><br>    Plaintiffs,<br><br>vs.<br><br>Phoenix Union High School District No. 210, et al.,<br><br>    Defendants. | No. 2:90-cv-0369-PHX-GMS<br><br>**NOTICE OF POST-ELECTION POSITION OF PLAINTIFF ADEN RAMIREZ** |

    The results in the race for the two at-large positions on the Phoenix Union High School District ("PUHSD") are in, and Plaintiff Aden Ramirez came in fourth place. Though Mr. Ramirez wishes that more PUHSD residents had voted for him, he respects the choices they made to elect Plaintiffs Aaron Márquez and Francisco Pastor-Rivera. As Mr. Ramirez told the Court both in writing and in person, these election results should stand, there should be no special election, and the Court shouldn't modify the consent decree in this procedural posture. PUHSD's residents, staff, and students all deserve that finality.

1   Mr. Ramirez incorporates by reference the arguments against a special election he made in his October 23, 2024 filing (Doc. 131), and also joins in the briefs filed by Mr. Márquez (Doc. 143) and Mr. Pastor-Rivera (Doc. 141).

Beyond that, Mr. Ramirez wishes to highlight just one additional point: that no party to this longstanding litigation moved for relief under Rule 60(b), Fed. R. Civ. P., from the Amended Consent Decree (Doc. 111) entered on November 30, 2021. That rule provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" one of several reasons. No party – to say nothing of the named Defendant in the case – has so moved, and there's no record before this Court that would justify the modification of a judgment this Court re-affirmed just three years ago. *See, e.g.*, *United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th Cir. 2005) (holding that a party moving for Rule 60(b)(5) relief "must satisfy the initial burden of showing a significant change either in factual conditions or in the law warranting modification of the decree" and that the "district court must then determine whether the proposed modification is suitably tailored to resolve the problems created by the changed factual or legal conditions.") (cleaned up).

For all these reasons, the Court should allow the Maricopa County Board of Supervisors to canvass the November 2024 general election results for PUHSD and leave unmodified the Amended Consent Decree that has helped diversify the PUHSD board for the benefit of all.

Respectfully submitted this 26th day of November, 2024.

**COPPERSMITH BROCKELMAN PLC**

By /s/ D. Andrew Gaona
    D. Andrew Gaona
    Austin C. Yost
    Kelleen Mull

*Attorney for Plaintiff Aden Ramirez*